Dear Mr. Ponder:
We are in receipt of your request for an Attorney General's opinion regarding the Baton Rouge City Constable. You seek an opinion on the following specific questions:
 1. Under Louisiana law, does a municipal employer have a right of indemnification and/or contribution against its employee who is an elected official, if that official is found to have committed acts in violation of Title VII of the Civil Rights Act of 1964 and the municipality is cast in judgment?
 2. Under federal law, does a municipal employer have a right of indemnification and/or contribution against its employee who is an elected official, if that official is found to have committed acts in violation of Title VII of the Civil Rights Act of 1964 and the municipality is cast in judgment?
 3. Under Louisiana law, does a municipal employer owe an elected official who is no longer in office, a continuing defense for actions committed while in his official capacity during the time he held office?
 4. Under federal law, does a municipal employer owe an elected official who is no longer in office, a continuing defense for actions committed while in his official capacity during the time he held office?
 5. If the Baton Rouge City Constable should resign and leave his office vacant and the "vacancy" is not provided for in the Plan of Government, who or what entity should appoint an interim Constable?
 6. Under Title VII, to whom does the definition of "employee" apply?
We have been advised that certain issues presented herein are presently in litigation. It is the policy of this office to refrain from writing an opinion on a matter in litigation. Therefore, we will be unable to grant your request for an opinion at this time on questions 1-4 and 6.
As a pre-1974 home rule charter form of government, your city/parish plan of government controls in this matter. However, your letter states that the Plan of Government does not provide for the "vacancy" of the Baton Rouge City Constable. Therefore, with regard to your fifth question we defer to the general laws of the State.
Louisiana Acts 1999, No. 1345, effective August 15, 1999, and precleared December 23, 1999 by the U.S. Department of Justice in accordance with the Voting Rights Act, amended R.S.18:604(B) to provide:
 B.(1) When a vacancy occurs in the office of constable or marshal of a city or municipal court and the unexpired term of the office is one year or less, the chief deputy shall assume such duties and position and shall serve for the remainder of the expired term. However, in those cases where there is no such person to assume the duties when the vacancy occurs, the appropriate governing authority shall within ten days, appoint a person having the qualifications of the office to assume the duties of the office for the remainder of the unexpired term. The appointment shall be made by the governing authority of the parish, unless the jurisdiction of the city or municipal court is wholly within the municipal city limits, in which case, such appointment shall be made within ten days by the municipal governing authority. If the appropriate governing authority fails to fill the vacancy within ten days, the governor shall fill the vacancy. The judge of the city or municipal court which he serves shall fix the amount of the bond.
 (2)(a) When the unexpired term exceeds one year, the chief deputy shall assume such duties and position and shall serve until the successor is elected and takes office. If there is no such person to assume the duties when the vacancy occurs, the appropriate governing authority shall within ten days appoint a person having the qualifications of the office to assume the duties of the office until the successor is elected and takes office. If the appropriate governing authority fails to fill the vacancy within ten days, the governor shall fill the vacancy. The appropriate governing authority shall, within ten days after the vacancy occurs, issue a proclamation ordering a special election to fill the vacancy and shall specify in the proclamation, in accordance with R.S. 18:402, the dates on which the primary and general elections shall be held and, in accordance with R.S. 18:467, 467.1 and 468, the dates of the qualifying period for candidates in the special election. In selecting the dates for such special elections, the appropriate governing authority shall first choose a gubernatorial or congressional election date; if no such date is available within one year following the occurrence of the vacancy, the appropriate governing authority shall select another election date as provided for in R.S. 18:402. If the appropriate governing authority fails to issue the proclamation within ten days after the vacancy occurs, the governor shall issue the proclamation. (Emphasis added).
It is therefore, the opinion of our office that should the Baton Rouge City Constable resign, a vacancy would in fact be created, as per R.S. 18:581. The filling of the vacancy should be in accordance with the general laws of the state, R.S. 18:604(B). Since the unexpired term is less than one year in this matter, the procedure to fill a vacancy in the office of Constable can be summarized as follows:
 The Chief Deputy Constable assumes the duties and position of the Constable. Where there is no Chief Deputy Constable, the city/parish governing authority makes the appointment within ten days for the remainder of the unexpired term. If the city/parish governing authority fails to make the appointment within ten days, the governor shall fill the vacancy.
In regard to the Chief Deputy Constable assuming the duties in this matter, we have been provided with copies of documentation supporting the following facts: (1) the Chief Deputy Constable has filed for worker's compensation benefits and is under the care of a physician, (2) the Chief Deputy Constable's physician has represented that the status of the Chief Deputy Constable is that he is disabled from returning to his position with the City Constable's office as of January 10, 2000, (3) the Chief Deputy Constable has also applied for a disability retirement, and (4) the Chief Deputy Constable has represented that he will not be able to take the office of Constable due to his disability, should a vacancy occur in the office of Constable.
R.S. 18:581 includes in the definition of "vacancy" the failure to take office for any reason. Since the Chief Deputy Constable has represented that because of his disability he will not be able to take the office of Constable, should a vacancy occur, it is necessary that this opinion address this matter.
In this regard, it is our opinion that the Chief Deputy Constable is legally the successor to the Constable in the event of a vacancy. However, because of the Chief Deputy Constable's inability to assume the office of Constable, a vacancy both defacto and de jure still remains in the office of Constable for the failure of the Chief Deputy Constable to take office as Constable. This vacancy should then be filled by appointment by the city/parish governing authority in accordance with R.S.18:604. In addition, the Chief Deputy Constable would be required to remain in office as the incumbent chief deputy pursuant to R.S. 42:2, which provides:
 Every public officer in this state except in case of impeachment or suspension, shall continue to discharge the duties of his office until his successor is inducted into office.
Therefore, until the newly appointed Constable appoints a qualified Chief Deputy Constable as a successor to the incumbent chief deputy, the incumbent is obligated by law to continue in office.
Again, we regret that we are unable to address the majority of your questions due to the ongoing litigation, but if we can be of further assistance, please do not hesitate to contact our office.
Yours very truly,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 ANGIE ROGERS LAPLACE
Assistant Attorney General
RPI/ARL;cwr